NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VU MINH TRUONG,<br><br>             Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>             Respondent. | No.   19-70829<br><br>Agency No. A027-327-657<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**
San Francisco, California

Before: TALLMAN and HUNSAKER, Circuit Judges, and SILVER,*** District
Judge.

Petitioner Vu Minh Truong, a citizen of Vietnam, seeks review of the Board

of Immigrations Appeals' (BIA) order dismissing his appeal from an Immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Judge's (IJ) denial of relief from removal. Truong argues he was denied due process, and the IJ improperly denied his Convention Against Torture (CAT) claim. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review in part and dismiss it in part.

*Due Process.* Truong's removal proceeding was not "so fundamentally unfair that [he] was prevented from reasonably presenting his case," and—even if it was unfair—he cannot prove the manner of the proceeding prejudiced his interests. *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016) (internal quotation marks and citation omitted). After finding Truong incompetent, the IJ—with the input of Truong's attorney—crafted several safeguards to ensure the proceedings were fair to Truong. *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 477–82 (BIA 2011). At the time, the IJ, the government, and Truong's attorney all agreed the safeguards imposed were adequate to provide Truong a fair hearing despite his incompetency. So do we. Moreover, Truong's assertion that the safeguards prevented him from providing evidence of his rehabilitation and acceptance of responsibility fails because Truong was represented by counsel, who presented evidence in support of Truong's claims and agreed Truong should not testify at the merits hearing, and because Truong testified at the competency hearing that he did not know what he did wrong or why he was in custody.

*CAT Claim.* Truong did not exhaust his claim for CAT protection. "We have

2

repeatedly held that failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011) (internal quotation marks and citations omitted). In his notice of appeal to the BIA, Truong's general challenge that the "IJ erred in denying asylum, withholding and relief under the Convention Against Torture" failed to "specify which issues form the basis of the appeal." *Id.* at 929 (internal quotation marks and citations omitted). Because the BIA properly declined to review the CAT claim, we lack jurisdiction and dismiss as to this claim. *See id.* at 930 ("[T]he BIA is presumably aware of its ability to decline to review an argument when a petitioner has not properly raised the argument on appeal to the BIA." (internal quotation marks and citation omitted)).

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**